**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4593**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DENNIS MAURICE MINTER,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00471-NCT-1)

Submitted:  January 31, 2020                Decided:  February 24, 2020

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Dennis Maurice Minter pled guilty to distributing 28 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2018). The district court sentenced Minter to 182 months of imprisonment and 5 years of supervised release. On appeal, counsel for Minter filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the district court's application of the career offender sentencing enhancement. Minter filed a supplemental pro se brief challenging the same enhancement. The government elected not to file a response to the *Anders* brief. Having conducted a thorough review of the record, we affirm the district court's judgment.

Minter challenges his career offender status, asserting that the district court erred in determining that he possessed the requisite predicate convictions. Generally, we review "de novo the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014). However, because Minter did not object to his career offender designation before the district court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Carthorne*, 726 F.3d 503, 510 (4th Cir. 2013) (applying plain error review when defendant failed to object in district court to whether prior offense qualified as crime of violence for career offender enhancement purposes).

2

"To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Carthorne*, 726 F.3d at 510. "When a defendant has established each of the above elements, the decision to correct the error remains within an appellate court's discretion, and . . . we will exercise that discretion only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

A defendant is subject to the career offender enhancement if he was at least 18 years old at the time he committed the instant offense of conviction; the instant offense is a felony that is either a crime of violence or a controlled substance offense; and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). A "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." USSG § 4B1.2 cmt. n.1. "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

The record establishes that Minter was at least 18 years old at the time he committed the instant controlled substance offense. In 2000, at the age of 16, Minter committed North Carolina common law robbery, a crime of violence. *See United States v. Gattis*, 877 F.3d 150, 156-60 (4th Cir. 2017) (holding that North Carolina common law robbery qualifies as "crime of violence" pursuant to Sentencing Guidelines). Pursuant to North Carolina law

3

at the time of the robbery, Minter was convicted as an adult, not as a juvenile. *See* N.C. Gen. Stat. §§ 7B-1501(7), 14-87.1 (2000); USSG § 4B1.2 cmt. n.1. In 2014, Minter incurred a qualifying felony controlled substance conviction. Because Minter had two qualifying predicate felonies, we find that the district court did not plainly err in applying the career offender sentencing enhancement.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Minter, in writing, of the right to petition the Supreme Court of the United States for further review. If Minter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Minter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*